

**FILED**
**Mar 29, 2023**
**11:55 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Joshua Freeman | ) Docket No. 2021-05-0645 |
| | ) |
| v. | ) State File No. 20077-2019 |
| | ) |
| Certified Maintenance Service, Inc., et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Dale A. Tipps, Judge | ) |

---

### Affirmed in Part and Remanded

---

The employee reported back pain after moving several large tables at work. The employer provided a panel of physicians, and the selected provider referred the employee to an orthopedic specialist. The orthopedist referred the employee to a physiatrist, who released the employee at maximum medical improvement, assigned a permanent impairment rating, and referred him to a chiropractor and a neurologist due to ongoing symptoms. The neurologist placed the employee at maximum medical improvement, assigned a permanent impairment rating, and testified that further medical treatment was not primarily related to the work injury. The employee sought additional medical benefits. The trial court denied the request, determining that the employee had not produced sufficient evidence that he was likely to prove an entitlement to the benefits being sought. The employee has appealed. After careful review of the record, we affirm the part of the trial court's decision addressing the employee's request to see a specific doctor, and we remand the case for the trial court to consider whether the employee is entitled to an appointment with an orthopedic physician.

Judge Meredith B. Weaver delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Pele I. Godkin joined.

Joshua A. Freeman, Murfreesboro, Tennessee, employee-appellant, pro se

Cole B. Stinson, Knoxville, Tennessee, for the employer-appellee, Certified Maintenance Service, Inc.

1

**Factual and Procedural Background**

Joshua Freeman ("Employee") suffered a compensable injury while working for Certified Maintenance Service, Inc. ("Employer"). Employee was moving tables and chairs on March 16, 2019, and he reported suffering back pain the following day. Employer provided a medical panel, and Employee selected an urgent care facility. That provider referred Employee to an orthopedist, and Employer again provided a panel. Employee selected Dr. Stanley Hopp with Tennessee Orthopedic Alliance, who saw Employee in August 2019 and diagnosed him with a thoracic strain with radiculopathy. Following a thoracic MRI, Dr. Hopp placed Employee at maximum medical improvement on October 23, 2019.[1] While he noted the strain was primarily caused by the work injury, Dr. Hopp stated Employee's ongoing complaints were "related to the degenerative disc disease seen in the thoracic spine." Nonetheless, Dr. Hopp subsequently referred Employee to a physiatrist, and Employer provided a panel of specialists.

Employee selected a physiatrist, Dr. Robert Todd, who also practiced at Tennessee Orthopedic Alliance, from the panel. Dr. Todd requested an MRI of both the cervical and lumbar spine in January 2020. Following his review of those films, Dr. Todd placed Employee at maximum medical improvement on March 7, 2020. At that same appointment, he referred Employee for chiropractic treatment for the "popping" in his back, as well as a neurologist for "vague neurological upper extremity symptoms."[2] Following Employee's completion of a functional capacity evaluation in May 2020, Dr. Todd assigned a permanent impairment rating of two percent.

Employer provided panels for both referrals, and Employee completed his chiropractic treatment. Employee selected Dr. Larry Gibson from the neurology panel and saw him for the first time in December 2021. Dr. Gibson ordered an EMG and another MRI, both of which revealed no abnormal findings. He released Employee on March 10, 2022, with a 10% permanent impairment rating. Eleven days later, Dr. Gibson ordered an MRI of the left scapula and chest.[3]

Employer deposed Dr. Gibson on April 21, 2022, and Employee attended the deposition. Dr. Gibson testified that he meant to assign a 1% permanent impairment rating

---

[1] Dr. Hopp assigned no impairment rating and indicated on a form C-30A Final Medical Report that no further medical treatment was needed.

[2] In correspondence to Employer, Dr. Todd stated the referral to the chiropractor was more than 50% related to the injuries sustained on March 16, 2019, but also advised that while his referral to the neurologist was "reasonable," "it's hard to say with more than 50% certainty that the symptoms are related to his [work injury]."

[3] Employer denied the left scapula and chest MRI, and an expedited hearing was held in August 2022. The trial court determined Employee had not shown that he was likely to prevail in proving his entitlement to the MRI and denied the request. Employee did not appeal that order.

rather than a 10% impairment and that the additional treatment he had recommended was not related to the work injury. He also affirmed that he had referred Employee back to an orthopedic specialist after reviewing the diagnostic testing, stating he "did not find any specific neurologic problem to continue to deal with." When questioned further by Employee, Dr. Gibson testified the referral back to an orthopedic physician was "reasonable."

Employer did not schedule any additional appointments, and Employee requested another expedited hearing, this time specifically seeking "a final appointment with [his] orthopedic specialist, Dr. Robert Todd." Employee sought a decision on the record, and Employer did not object. Thereafter, the trial court denied the request for additional medical benefits, determining that Dr. Todd was no longer Employee's treating physician under Tennessee Code Annotated section 50-6-204(a)(3)(E) and stating "[Employee] must show that Dr. Gibson referred him back to Dr. Todd. Because he has submitted no evidence of this, this Court cannot find at this time that Mr. Freeman is likely to prove he is entitled to return to Dr. Todd."[4] Employee has appealed.

## Standard of Review

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2022). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2022).

## Analysis

Employee filed a Rule 72 Declaration with his request for expedited hearing in which he asked for "a final appointment with my orthopedic specialist, Dr. Todd."

---

[4] The trial court also stated, in a footnote, "Even if [Employee] had met his burden of proof on this issue, Dr. Todd completed a form . . . suggesting he was not willing to see [Employee]. Thus, the most the Court could order would be a new panel of physiatrists . . . ."

Employer filed a response but did not object to a decision on the record and, instead, asked that a scheduling hearing to be set. On appeal, Employee asserts that the trial court erred in denying his request for additional medical benefits. In his notice of appeal, Employee states, in part, "that my primary physician, Dr. Larry Gibson, did in fact, refer me back to orthopedic as a pathway to diagnosis and further treatment." Moreover, in his brief on appeal, he asserts that, in light of Dr. Gibson's testimony that a referral back to an orthopedic specialist was reasonable, the trial court erred in not ordering Employer to allow him to return to his orthopedist, whom he identifies as Dr. Todd.[5] For its part, Employer contends the court did not err in denying Employee "additional medical benefits."

Employee maintains that his neurologist referred him back to an orthopedic specialist and that "any answer" to what course of treatment may be available "is likely orthopedic in nature." Conversely, Employer argues that there was no specific referral from Dr. Gibson back to Dr. Todd and, as such, the trial court was correct in determining Employee was not entitled to return to him. Further, Employer asserts Dr. Gibson testified there was no further work-related treatment needed and, therefore, the court was proper in denying the requested medical benefits.

Under Tennessee Code Annotated section 50-6-204(a)(3)(E), once a treating physician refers an injured employee to a specialist, that specialist becomes the treating physician "until treatment by the . . . specialist concludes and the employee has been referred back to the treating physician selected by the employee from the initial panel." The parties agree that treatment with Dr. Gibson, the neurologist, has concluded. The court determined that there had been no referral back to Dr. Todd and, in any event, that Dr. Todd had refused to see Employee again.[6] However, in making this determination, the court did not consider Employee's specific request to be returned to an orthopedist as stated in his Rule 72 Declaration. Specifically, the trial court relied on the statute cited above and concluded "that Dr. Gibson became and remained [Employee's] authorized physician unless and until he referred [Employee] back to Dr. Todd." While we agree there is no referral from Dr. Gibson to Dr. Todd in the record, there is information in the record indicating that Dr. Gibson had referred Employee back to an orthopedist and that he considered such a referral reasonable under the circumstances.

In *Limberakis v. Pro-Tech Security, Inc.*, No. 2016-08-1288, 2017 TN Wrk. Comp. App. Bd. LEXIS 53 (Tenn. Workers' Comp. App. Bd. Sept. 12, 2017), the employee had been placed at maximum medical improvement and been told by his treating physician that

---

[5] As stated previously, Dr. Todd is a physiatrist, not an orthopedist.

[6] Employee argues that there is no proof of this in the record, as the only medical note indicating Dr. Todd would not see him was filed as new evidence, to which he was not afforded an opportunity to respond. However, on review of the record, it appears the trial court relied on a note previously submitted into evidence and completed on February 21, 2022, wherein Dr. Todd marked that he would not see Mr. Freeman.

4

he had no further treatment to offer. The employer in that case declined to provide a new panel or authorize additional treatment. *Id*. We held that the "opinion as expressed [by the doctor] on that visit cannot be considered to have forever foreclosed the possibility that Employee may need reasonable and necessary medical treatment causally-related to the work injury at some point in the future." *Id*. at *9. Here, although we do not disagree with the trial court's finding that Employee had presented no evidence to entitle him to return to Dr Todd, the trial court's order is silent as to Employee's request to be returned to his orthopedist.[7] In short, we conclude the trial court did not completely resolve Employee's request with its order. Thus, we affirm the trial court's order regarding another appointment with Dr. Todd, but we remand the case for the trial court to review the record and determine whether Employee is likely to prove he is entitled to return to his orthopedist, Dr. Hopp or, if Dr. Hopp is unavailable to treat Employee, to an orthopedist selected from a panel.

## Conclusion

For the foregoing reasons, we affirm in part and remand the case for the trial court to consider Employee's request to return to his orthopedic physician. Costs on appeal have been waived.

---

[7] There is some indication in the record that Dr. Hopp, the treating orthopedist, retired during the course of this litigation.

5



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Joshua Freeman | ) | Docket No. 2021-05-0645 |
| | ) | |
| v. | ) | State File No. 20077-2019 |
| | ) | |
| Certified Maintenance Service, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Dale A. Tipps, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 29th day of March, 2023.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Joshua Freeman | | | | X | jafreeman72@gmail.com |
| Cole B. Stinson | | | | X | cole.stinson@afgroup.com christine.spear@afgroup.com |
| Dale A. Tipps, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

*Olivia Yearwood*

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov